## DAVIS, ADM'R, V. HERRINGTON.

Decided March 1, 1890.

1. *Bastard child—Father's promise to support—Consideration.*

The statutory liability of the father of an illegitimate child to contribute to its support is a sufficient consideration for his voluntary promise to do so.

2. *Verbal promise to pay in installments—Limitation.*

In an action to enforce payments due in installments under a contract not in writing, the remedy on those falling due more than three years before the institution of the action is barred by the statute of limitations.

APPEAL from *Jefferson* Circuit Court.

JOHN A. WILLIAMS, Judge.

Hester Herrington presented to defendant, the administrator of the estate of R. G. Davis, deceased, a claim for taking care of Willie Davis, a minor child, by contract, for the period of five years at $3.00 per month, amounting to $180.00, and for interest thereon at six per cent, amounting to $32.58. After disallowance by the administrator, the claim was allowed by the probate court and the defendant appealed to the circuit court. It was proved that the child was the illegitimate off-spring of plaintiff and the deceased; that he had so recognized it and had promised plaintiff to pay her for its maintenance in annual installments; and that its support was worth $3.00 per month.

Defendant asked the court to instruct the jury that "Though the jury should find from the evidence that R. G. Davis was the father of the child mentioned in the complaint, and that he promised the plaintiff, Hester Herrington, the mother of the child, to compensate her for its support and maintenance, he was under no legal obligation to do so, and they should therefore find for the defendant."

Also, "That if the estate of the decedent is liable for any

part of the account, it is not liable for such parts of it that may have become due three years before his death.''

The court refused both instructions. The jury found for plaintiff in the sum of $194.30. Defendant appealed.

*Harrison & Harrison* for appellant.

1. The mother had the right to the custody of the child and was bound to maintain it. The promise of the putative father was without consideration. 2 Kent, 215-6; Reeves Dom. Rel., 277; 19 Wend., 405; 6 Ind., 252; 5 Esp., 131; 3 Car. & P., 36; 7 Dowl. & R., 612; 1 Car. & P., 268; 16 Eng. L. and Eq., 497.

A promise to do what a person is bound to do by law is not a good consideration for another's undertaking, and a person is not bound to fulfill his promise to pay another for doing what he is bound by law to do. 1 Pars. Cont., 437; 2 Kent, 464; 30 Ark., 50; 2 Camp., 317; Peake's Cases 72; 1 Caine, 104; 1 Metc., 276; 3 Seld., 349.

A mere moral consideration is not sufficient to support a contract. 1 Pars. Cont., 431-5, 432 note (*t*); 2 Kent, 465; 2 B. & Ad., 813; 11 A. & E., 415; 8 Q. B., 486; 11 A. & E., 447; 7 M. & G., 807; 7 Conn., 57; 3 Pick., 207; 16 Johns., 283, note: 13 Johns., 259; 9 Vroom, 383; 19 Pick., 429; 15 Pick., 159; 4 Munf., 273; 1 Vt., 420; 22 Me., 475; 24 Me., 561; 9 Watts, 396; 24 Wend., 97; 2 Barb., 420; 7 R. I., 472; 1 Sneed, 376; 5 Barb., 556; 2 Sandf., 311; 25 N. W. Rep., 820.

1. Bastard child — Father's promise to support—Consideration.

PER CURIAM. By the common law, the mother, and not the putative father, of an illegitimate child is bound to maintain it. The father's promise to the mother to pay her for the maintenance is a promise to pay her for doing what she is already legally bound to do, and is not enforceable because not supported by a consideration. One is not legally bound by a promise to fulfill a moral obligation where no legal obli-

gation or liability for the thing promised ever existed. But the statute in this State confers upon the mother of a bastard child the right to compel the father to contribute to the support of their offspring by affiliating it upon him. Mansf. Dig., secs. 445 *et seq.* His promise to pay her for the maintenance is, therefore, based not only upon a moral obligation but also a legal liability which she may cast upon him, and that fact furnishes a consideration for his promise. *Smith v. Roche*, 6 C. B. (95 Eng. Com.), 223; *Hargroves v. Freeman*, 12 Ga., 342; *Maxwell v. Campbell*, 8 Ohio St., 265.

The promise of the appellant's intestate was, therefore, based upon an adequate consideration, and was enforceable against his estate.

But the statement of the appellee's claim shows that it was due in annual installments, and as the promise was not in writing, the remedy upon the installments which fell due more than three years prior to the institution of this suit is barred. If the appellee will remit the amount recovered upon the installments indicated, the judgment for the residue will be affirmed; otherwise the judgment will be reversed and the cause remanded for a new trial. It is so ordered.

2. Verbal promise to pay in installments—Limitation.