ODOM, Justice.
 

 Mrs. Josie Henning Davieson obtained a judgment of divorce against her husband, Orris J. Davieson, Sr., on February 24, 1932, in which judgment the wife was allowed alimony, for the support of herself and one minor child of the marriage, amounting to $80 per month. In the year 1935, the husband, Orris J. Davieson, Sr., ruled his former wife to show cause why the amount of alimony should not be reduced. In that proceeding the husband conceded that he should continue to pay $40 a month for the support of the minor child, but alleged that his former wife was, at the time that the rule was brought, living in concubinage with another man, and for that reason he should not be required to contribute anything towards her support. The trial judge in that case reduced the alimony from $80 to $60 per month, $40 being for the support of the minor and $20 for the support of the former wife. Mrs. Davieson appealed, and this court amended the judgment of the lower court by increasing the award from $60 to $80 per month, as originally fixed.
 

 In our opinion handed down on Monday, February 3, 1936 (which opinion was not published), we held that Orris J. Davieson, Sr., plaintiff in rule, had failed to make out his ease on the point that Mrs. Davieson was using a portion of the amount contributed each month to support another man with whom she was alleged to be living in concubinage.
 

 On December 10, 1937, Orris J. Davieson, Sr., ruled his former wife again to show cause why the judgment awarding alimony in the sum of $80 per month “should not be modified to the extent of eliminating all alimony for the benefit of the former minor child, who is now a major”, and to show further “why the alimony to her should not be eliminated or reduced proportionately in accordance with her changed condition from the day of her [the] rendition of the original judgment.”
 

 Plaintiff in rule alleged that his son, Orris J. Davieson, Jr., had reached the age of 21 years on December 6, 1937, and alleged further:
 

 “That the condition of the wife of defendant has changed, and that she now has living with her a permanent boarder who your mover believes and therefore, avers, pays her sufficient board to support her and himself.”
 

 There was judgment in the lower court rejecting the demands of plaintiff in rule to have the alimony reduced, and he appealed.
 

 In our opinion on the former rule fixing alimony at $80 per month, we took into consideration the fact that in the judgment
 
 *47
 
 of divorce Mrs. Davieson was awarded custody of the minor child of the marriage, and that, at. the time, the rule was tried, she was still supporting the minor. It was for that reason, and for the further reason that we were of the opinion that plaintiff in rule failed to prove that his former wife was using a portion of the allowance to support another man, that we reinstated the original judgment fixing alimony at $80 per month.
 

 At the time the present rule was tried, conditions had changed. The child of the marriage was over 21 years of age, so .that the question of the support of a minor is eliminated. In fixing the amount of alimony in cases of this kind,.where the custody of a child or children had been given to the mother, we have always taken that fact into consideration. It is the duty of the father to support his minor children whether they are in the custody of the mother or not. In the present case the child of the marriage is over 21 years of age. Therefore the only question involved in this case is what amount, if any, should be fixed as alimony for Mrs. Davieson herself.
 

 It is not shown that there is any material difference between' the amount which Mr. Davieson is earning now and the amount which he was earning at the time the alimony was fixed at $80 per month, nor is it shown that Mrs. Davieson’s condition, in so ■ far as her general health is concerned, has changed since our opinion was handed down, on February 3, 1936. She is not in good health now, nor was she in good health in 1936. In fixing the amount of alimony at that time, we took into consideration not only the ability of Mr. Davieson to pay, but the condition of Mrs. Davieson’s health and her actual needs. Her health
 
 is no
 
 worse now than it was then, and her needs are no greater. Plaintiff in rule alleged that she was keeping a boarder “who * * * pays her sufficient board to support her and himself”. He does not allege, as he did in the former proceeding, that she is using a portion of the amount contributed to support someone else. His alleged reason why the amount awarded to her for her support should be reduced or eliminated entirely is that she is keeping a boarder “who * * * pays her sufficient board to support her and himself”.
 

 He has failed to prove- that anyone boards with her. He did prove, however, that a man named Hippier is a frequent visitor to her home and that he spends considerable time there. But some of the neighbors called as witnesses by plaintiff in rule testified' that they saw him there only on week-ends. None of plaintiffs witnesses testified that he boarded there. Mrs. Davieson admitted, and several of her relatives testified, that the man Hippier visited the family frequently. There are photographs in the record showing the man Hippier in the back-yard and in the front portion of the -house, dressed in a garb which would indicate that he made his • home there. But the testimony as a whole fails to show that he was a boarder.
 

 In explanation as to why he was on the premises dressed as shown by the photographs, Mrs. Davieson, her son, and others
 
 *49
 
 testified that he was there helping her son make some minor repairs to the house and that on one occasion he assisted the son in building a frame for some flowers. Hippier himself was not called as a witness. The testimony as a whole fails to show; that Mrs. Davieson is aided financially by keeping a boarder. '
 

 We think that, under the circumstances, the amount of alimony fixed in the former judgment should be reduced from $80 to $50 per month.
 

 For the reasons assigned, the judgment appealed from is amended by reducing the amount of alimony from $80 to $50 per month.