DALRYMPLE *v.* DALRYMPLE.

4-9895                                        252 S. W. 2d 823

Opinion delivered December 1, 1952.

261

*Robinson & Robinson,* for appellant.

*Searcy & Searcy,* for appellee.

J. Seaborn Holt, J. This is a suit to collect balance alleged to be due on the following note:

"$4800.00                                    Benton, Louisiana

February 11, 1946

In installments of $40 per month beginning March 1, 1946, and on the 1st. day of each month thereafter after date I promise to pay to the order of Estell Allen Dalrymple, at Plain Dealing, Louisiana, the sum of Four Thousand Eight Hundred and No/100—$4800—Dollars with interest at the rate of Eight per cent per annum from maturity until paid, Value received. The maker of this note hereby waives presentation for payment, demand, notice of non-payment and protest, all pleas of division or discussion and consents that time of payment may be extended without notice thereof, and in the event of non-payment at maturity, it is agreed to pay all attorney fees incurred in the collection of this note, or any portion thereof, including interest, which fees are hereby fixed at 10 per cent on the amount to be collected. The consideration for this note is the obligation of the maker to provide subsistence and support of his two minor children, Barbara Ann Dalrymple and Doroty Joan Dalrymple, and it is agreed that should both of the aforementioned die, then this note shall be considered satisfied

upon the death of the second child, both children then being dead and the reason for the subsistence no longer existing. In the event both children survive it is understood and agreed that no subsistence will be paid after the younger of the two children reaches the age of eighteen years. In the event of failure to pay any of the said installments when due or the failure to pay interest when due, and in that event, each and all installments shall immediately become due and collectable at the option of the holder.

John H. Dalrymple."

The note was executed by appellant and delivered to appellee, Estell Allen Dalrymple, on February 11, 1946, the same day on which Mrs. Dalrymple was awarded a decree of divorce from appellant, in a Louisiana court, and also "the permanent care and custody" of their two minor children. Appellant, the maker of the note, refused to pay the January, 1951, installment and appellee, relying on the acceleration clause, elected to declare the remaining installments due and sued as indicated.

Appellant, by demurrer, denied liability primarily on the ground that the note lacked consideration and that no cause of action was alleged. He further contended "that the obligation of the husband to care for the children recited in the instrument when given its strongest interpretation becomes a mere motive for bringing about an agreement in contemplation of a divorce, rather than a consideration sufficient to create an enforceable contract between the parties". The cause was submitted on November 14, 1951, to the trial court, on the demurrer and testimony of witnesses, by agreement of the parties, and there was a judgment for appellee for $2654.45, with 8% interest from October 30, 1951. This appeal followed.

It is conceded that the note was executed in Louisiana and therefore its validity is governed by the laws of that State.

The record reflects that in the above divorce decree there was no mention of any property settlement, or any

provision for alimony or for maintenance of the two children awarded to appellee, the Mother. We are not here concerned with a case involving the support of a divorced wife, but the duty of a father to support and care for his minor children. The rule is well settled in Louisiana, as well as in this State, that it is the father's duty to support his children during their minority. This duty also obtains whether the children are in the custody of the divorced wife or not.

"It is a father's duty to support his minor children, and that duty is not affected by divorce and the assignment of the custody of children to the wife." *Wilson* v. *Wilson* (1944), 205 La. 196, 17 So. 2d 249.

"It is the duty of the father to support his minor children whether they are in the custody of the mother or not." *Davieson* v. *Davieson* (1939), 192 La. 44, 187 So. 49.

Is this natural obligation to support his minor children a sufficient consideration under Louisiana law for the note here in question? We hold that it is. In the Louisiana case, *"In Re Atkins Estate, Atkins* v. *Commissioner of Internal Revenue,* United States Circuit Court of Appeals, 5th Circuit, 30 Fed. 2d 761", the court, in considering the question of the effect of the natural obligation of a parent to his children as being sufficient consideration for a note or contract, said:

"Petitioner contends that the decedent, having made donations of money to his other children, incurred the natural obligation to equalize his gifts to all his children, and having endeavored to do so by giving the notes to his two sons, as found by the board, that under the law of Louisiana this natural obligation was sufficient consideration for the notes, and they were enforceable one-half against his estate as an obligation of the community.

. . . . . .

'Art. 1757. . . . 2. A natural obligation is one which cannot be enforced by action, but which is binding on the party who makes it, in conscience and according to natural justice.

. . . . . .

'Art. 1759. . . . 2. A natural obligation is a sufficient consideration for a new contract.

. . . . . .

"That a natural obligation is sufficient consideration for a note is well settled by the following analogous cases." Citing many cases.

The younger child was fourteen years of age when the present suit was filed. The note was made by appellant on the same day the divorce was granted. As to its execution appellant testified:

"Q. That is dated February 11th? (Referring to the divorce decree)

"A. Yes, sir.

"Q. Now, on that same day you executed this note that has been filed here?

"A. Yes, sir.

"Q. For what purpose was that note made; what was the consideration if any for making that note?

"A. She said she needed some assurance she would get compensation for the children and it was agreeable because I wanted to help them and she wouldn't take my word and wanted some assurance she would get that money."

We find nothing in the terms of the note that would make it unenforceable as between the parties. The acceleration clause was binding and enforceable in the circumstances.

Finding no error, the judgment is affirmed.