BRUN *v.* REMBERT.

5-1145                                    297 S. W. 2d 940

Opinion delivered January 28, 1957.

*Hardin, Barton, Hardin & Garner,* for appellant.

*Holland & Holland,* for appellee.

CARLETON HARRIS, Chief Justice. Appellee, (plaintiff below) was awarded a decree of divorce from appellant on September 12, 1944, by the Sebastian Chancery Court. The custody of the minor child, Juanita Marie Brun, was given to appellee, but no support payments for the child were ordered by the court at that time. Subsequent thereto, (May 31, 1946) the court entered an order directing appellant to pay the sum of $32.50 per month for the support of the child, then 13 years of age, and two payments were made under the order. No further payments were made, and on November 2, 1950, Juanita Marie attained her majority. The proof shows that she is presently married, and has a child of her own. On December 31, 1955, more than five years after the last payment became due, appellee filed suit against appellant seeking to reduce to judgment the delinquent payments in the amount of $1,657.50. The amount sought was not questioned, but appellant filed answer setting up other defenses. At the conclusion of the hearing the Chancellor granted the relief sought and entered judgment against appellant in the sum of $1,657.50, together with costs, and providing that execution might issue if judgment was not paid within ten days. From such holding of the Chancellor, comes this appeal.

For reversal, appellant primarily urges that this action is barred by the Statute of Limitations. This is evidently a case of first impression under this defense. Appellee argues that the court in *Pence* v. *Pence,* 223 Ark. 782, 268 S. W. 2d 609, held against this contention. The opinion in the *Pence* case did not go into the matter of limitations, but rather was decided on the question of the mother removing the child without authority to a place unknown to the father, and thus depriving him of

the opportunity to see and visit with said child. While the three year statute of limitations was pleaded in that cause, it was not passed upon by the trial court, and definitely was not passed upon by this court. It might be also stated that the facts in that case were vastly different from those here on appeal. There the child was still a minor so there was a present and continuing duty upon the father to support said child. It is recognized that child support is a family duty, and one which would be incumbent upon a father, even though there were no order requiring such support. *McCall* v. *McCall*, 205 Ark. 1123, 172 S. W. 2d 677. In the case before us, the order for support payments was not a current cause; *the child had attained her majority more than five years before the institution of this suit. Worthington* v. *Worthington*, 207 Ark. 185, 179 S. W. 2d 648. This is an action for the benefit of the ex-wife; the amount sought will not go to the child. It is no more than an effort by a former wife to collect a debt.

All agree that some statute of limitations must apply. The sole question is ''Which statute?'' Appellant argues both the three and five year periods. The three year statute is set forth at Sec. 37-206, Ark. Statutes, Annotated. The ten year statute (Sec. 37-212) reads as follows: ''Judgments and decrees — Ten years. —Actions on all judgments and decrees shall be commenced within ten (10) years after cause of action shall accrue, and not afterward.'' Section 37-213 provides: ''Actions not otherwise provided for — Five years. — All actions not included in the foregoing provisions shall be commenced within five (5) years after the cause of action shall have accrued.'' The three year statute obviously was not meant to apply in matters of this nature, but appellant earnestly argues that the five year limitation does apply.

Section 29-101, headed ''Judgments and Decrees,'' reads as follows: ''Judgment defined. — A judgment is the final determination of the rights of the parties in action.'' Bouvier's Law Dictionary defines a final decree as ''One which finally disposes of a cause, so that noth-

ing further is left for the court to adjudicate.'' Thus we find that a final decree is conclusive — nothing remains to be done. Appellee insists that the effect of the holding in *Sage* v. *Sage,* 219 Ark. 853, 245 S. W. 2d 398, wherein it was held that past due payments vest in the payee as they accrue, is to declare such vested payments a judgment as contemplated under Section 37-212. Since this section provides a ten year limitation period, appellee contends that her suit was brought in time. We do not concur with this thinking. It is true that in the *Sage* case, *supra,* we held that the trial court had no authority to modify payments which had already become due. The right of modification only extended to future payments. But this was merely to say that once a child support payment falls due, it becomes vested, and is to the payee *"a debt due."* For example, one signs a note providing payments at regular intervals. As each installment falls due, the payee has a ''debt due,'' but still, no one would contend that it would not be necessary to sue on the note and obtain judgment. In order to enforce such a debt due, (support payments) it is necessary to ascertain from time to time the amount of arrearages due and then render judgment for the specific amount. *Jones* v. *Jones,* 204 Ark. 654, 163 S. W. 2d 528. A decree for future payments of permanent alimony is not a final decree upon which an execution may be issued, or which might become a lien on real estate. *Jones* v. *Jones, supra; Frazier* v. *Hanes,* 220 Ark. 765, 249 S. W. 2d 842. While the above mentioned cases refer to alimony for the wife, it has been held that payment of allowances for child support falls in the same category. *Bucknam* v. *Bucknam,* 176 Mass. 229, 57 N. E. 343. This is clearly implied in our statute. Ark. Stats. Sec. 34-1211, ''Decree — Alimony — Care of Children. —When a decree shall be entered, the court shall make such order touching the alimony of the wife and care of the children, if there be any, as from the circumstances of the parties and the nature of the case shall be reasonable.'' It is noted that the two are listed together, from which we gather that the General Assembly intended the right of support for the wife, and children, to be construed

in the same manner. A thorough analysis of the afore-mentioned statute also serves to enlighten us as to what is meant by "Decree." Apparently "decree" and "or-der" are considered as being separate. The statute does not recite "when a decree shall be entered, the court *shall therein provide* for provisions of alimony for the wife and care of the children," but rather from the verb-iage, as we construe it, the meaning is "when a decree shall be entered, the court shall *also* make such order touching the alimony of the wife and care of the chil-dren."

While appellee on the one hand insists that she al-ready has a judgment, it is noticeable that her prayer for relief asks judgment against appellant. If appellee's theory were correct, it, of course, would not be necessary to ask for judgment at all. It would only be necessary to issue execution.

In conformity with the above reasoning, we hold that accumulated or past due child support payments, are not a judgment, (or final decree) but only the *right to a judgment*. The order in a decree awarding future child support payments is not the decree itself, but only an order. This is true because such an order deals with *things yet to be done*. A judgment (or final decree) deals with matters *already done*, and is thus final. Since the order for child support is not a final decree as con-templated by the statute, it must therefore follow that the ten year statute does not apply, and the five year statute of limitations, (known as the "catch-all" because it covers all actions not previously covered by other lim-itation statutes) is the statute applicable to this cause. Appellee, accordingly, was not timely in instituting the action. It should be pointed out that the question as to a father's liability for support payments more than five years delinquent *but while the child is still a minor* is not adjudicated herein. This cause deals only with a plea of limitations, where suit was instituted more than five years after the minor attained her majority.

The cause is reversed and dismissed.