PAYTON *v.* PAYTON.

5-1835                                                322 S. W. 2d 588

Opinion delivered April 6, 1959.

*Richard W. Hobbs,* for appellant.

*R. Julian Glover,* for appellee.

SAM ROBINSON, Associate Justice.   On January 4, 1946, the appellee herein, Elbert E. Payton, sued Voncile D. Payton for a divorce.   After considerable preliminary skirmishing with regard to alimony *pendente lite* and for support of the couple's minor son, then 14 months of age, the parties finally reached a property settlement agreement on June 24, 1947.   Elbert agreed to pay Voncile $500, of which $150 was to be paid in cash on the day the divorce was granted and the balance to be paid in installments over a period of 12 months with 6 per cent interest.   It was also agreed that Elbert would convey to Voncile certain real estate and household furniture and appliances and that Voncile should have the custody and care of the minor child, with the right of Elbert to visit the child at reasonable times.

The agreement provides: "Voncile Payton hereby agrees to accept the above settlement as a full settlement of all property rights, both real and personal, and in lieu of all alimony, maintenance and support and in lieu of all other claims which may be predicated upon the marital relationship, contract and status of herself and Elbert Payton". And on her part Voncile agreed to execute to Elbert a deed to certain property.

On the same day the aforesaid agreement was executed, Elbert was granted a divorce on the ground of indignities; Voncile was granted custody of the child; nothing was said in the decree about support for the child. It was mentioned, however, that the parties had made an amicable property settlement. Later, Voncile married again and moved to California, but she separated from her second husband about seven years ago.

On January 22, 1958, Voncile filed a "Motion to Amend Decree". In this motion she alleges that since the divorce was granted in June, 1947, she has expended about $5,000 in support of the child and she asked the court to grant her a judgment against Elbert for that amount. Elbert responded and alleges that the property settlement he made at the time of the granting of the divorce was to take care of the child support; that there has been no change in circumstances that would require him to pay anything additional. The parties entered into a stipulation that whether Elbert was indebted to Voncile for a sum to reimburse her for support she had given to the child was a question of law and that in the event the court should find that he was so indebted for the support of the child, the amount of such indebtedness should be $1,500.

Voncile testified that she had supported the child since 1947 and that Elbert had paid nothing toward the support except the original $500 and, on rare occasions, had given the child articles of clothing. It was the decree of the trial court that Voncile should recover nothing by way of reimbursement for money she had expended for the support of the child, but henceforth Elbert should pay $20 per month support. On appeal Voncile does not

complain of the amount of $20 per month to be paid in the future, but contends that as a matter of law she is entitled to be reimbursed in the stipulated sum of $1,500 for money that she has expended in support of the child.

We do not think that when all the facts and circumstances of this case are considered appellant is entitled to be reimbursed for money she expended as child support. In the first place, Elbert has paid everything the decree required him to pay. Although the divorce was granted in 1947, it was not until 11 years later that appellant saw fit to go into court to ask for an order requiring appellee to pay anything for the child. Of course, during all this period of time the child has been supported, and anything the appellee would now be required to pay for support the child received prior to January, 1958, would be by way of reimbursing appellant for money that she had spent. Actually, such payment would not inure to the benefit of the child at all, but it would be reimbursing appellant for what she has expended. So, in this appeal appellant is not asking for child support, but is asking that she be repaid money that she has expended, and contends that as a matter of law she is entitled to such reimbursement.

In *McCall* v. *McCall*, 205 Ark. 1123, 172 S. W. 2d 677, there was a court order directing the father to make certain payments as support for the two minor daughters. Later, due to adverse circumstances encountered by the father, the court ordered a suspension of the monthly payments. Later, the father made considerable money and the court ordered him to make the payments that had been suspended during the time the father was in financial distress. This Court points out that it is the duty of the father to support his children and ordinarily he will be required to do so regardless of whether there is a court order to that effect, and that under broad general principles of equity the father should be required to pay to the mother such sums as would fairly reimburse her for the expenditures she had made for the support of the minor children during all the time when appellee failed to make provision therefor. But we do not believe the effect of that case is to say that as a matter

of law, under any and all circumstances, the father must reimburse the mother for any money she has spent in support of the children. In the case at bar it was undoubtedly considered by the parties that the property settlement at the time of the divorce was to take care of the child's support, because nothing whatever is said in the decree about support for the child. Both parties were represented by counsel, they had engaged in considerable controversy about the payment of support prior to the granting of the divorce, and it cannot be concluded that a provision in the decree for child support was inadvertently omitted. But, notwithstanding the fact that the parties may have agreed that the father would be relieved of any further payments for child support, such agreement would not be binding on the child. And if the mother had come into court at any time as she did in January, 1958, and asked for child support, very likely her request would have been granted; but she waited 11 years before taking any such action, and any payment that the father would now make for support of the child for any period before January, 1958, would be to reimburse the mother and not for actual support of the child. The mother accepted the property settlement; she got the personal property and the real estate according to the agreement; she remarried, went to California with the child, and took no action to obtain support for the child for 11 long years. In these circumstances we cannot say that as a matter of law she is entitled to reimbursement.

Affirmed.