WILSON v. WILSON.

5-1974                                    329 S. W. 2d 557

Opinion delivered December 14, 1959.

*Thomas, Phillips & Wright,* for appellant.

*Wright, Harrison, Lindsey & Upton,* for appellee.

SAM ROBINSON, Associate Justice. This is an appeal from a decree granting appellee judgment in the sum of $9,267.06 and interest thereon in the sum of $5,365 because of arrears in the payment of child support. The parties were married in Nevada April 7, 1936 and separated in 1937. A child, Donna Maria, was born February 5, 1937. On March 10, 1937, Mr. and Mrs. Wilson, appellant and appellee, entered into a formal agreement whereby Wilson agreed to pay Mrs. Wilson $50 per month until the child reached the age of 21. On May 20, 1937, Mrs. Wilson filed suit for divorce in the Garland County, Arkansas, Chancery Court. She was granted the divorce and the agreement for child support was approved by the court. (the parties had made an antenuptial contract pertaining to their own finances.) Wil-

son defaulted in monthly payments of child support and up to some time in 1948 had paid a total of only $250. At that time he made a $2,000 payment and now claims that such payment was a compromise settlement of all unpaid monthly installments accrued up to that time.

In 1950 Wilson filed a petition in the Garland Chancery Court to give him custody of the child, but this petition was never presented to the court. On February 13, 1957, Mrs. Wilson filed a petition asking that she be granted judgment for the unpaid monthly installments. The court granted the petition and entered judgment for $9,267.06 plus $5,365 as interest thereon and an attorneys' fee of $1,250.

On appeal appellant contends that the five year statute of limitations applies; that the action is barred by laches and estoppel; that there was a denial of visitation rights, and such conduct is a bar to this action; that the $2,000 payment in 1948 was a compromise settlement of all accrued monthly installments; and that the evidence is insufficient to support the judgment. There is no merit to any of the points argued except the question of whether the statute of limitations is applicable.

*Davis* v. *Herrington,* 53 Ark. 5, 13 S. W. 215, is not directly in point because there the child was illegitimate, but it is analogous to the case at bar. In that case the father made an oral agreement to pay $3.00 per month for the support of the child. The father failed to abide by his agreement, and upon his death a claim was filed against his estate for $3.00 per month for a period of five years. This Court said: "The statement of appellee's claim shows that is was due in annual installments, and as the promise was not in writing, the remedy upon the installments which fell due more than three years prior to the institution of this suit is barred."

Here the agreement is in writing. It was entered into before suit for divorce was ever filed. In *Seaton* v. *Seaton,* 221 Ark. 778, 255 S. W. 2d 954, the Court said: "Our decisions have recognized two different types of agreement for the payment of alimony. One is an inde-

pendent contract, usually in writing, by which the husband, in contemplation of the divorce, binds himself to pay a fixed amount or fixed installments for his wife's support. Even though such a contract is approved by the chancellor and incorporated in the decree, as in the *Bachus* case, it does not merge into the court's award of alimony, and consequently, as we pointed out in that opinion, the wife has a remedy at law on the contract in the event the chancellor has reason not to enforce his decretal award by contempt proceedings.

''The second type of agreement is that by which the parties, without making a contract that is meant to confer upon the wife an independent cause of action, merely agrees upon 'the amount the court by its decree should fix as alimony.' ''

Undoubtedly the nature of the contract involved here is such that the appellee could have maintained an action thereon in a court of law. Ark. Stat. § 37-209 provides: ''Notes and instruments in writing not under seal—**Five** years.—Actions on promissory notes, and other instruments in writing, not under seal, shall be commenced within five years after the cause of action shall accrue, and not after.'' But even if it could be said that the foregoing statute is not applicable, then the claim for child support accruing more than five years before the motion for judgment was filed on February 13, 1957, would be barred by Ark. Stat. § 37-213, which provides: ''Actions not otherwise provided for—Five years.—all actions not included in the foregoing provisions shall be commenced within five years after the cause of action shall have accrued.''

As heretofore pointed out in *Davis* v. *Herrington,* the three year statute was held to apply to an oral contract to support a child, but obviously the three year statute would not apply here. Of course, a child would not be bound at all by the parents' contract for his support, but here there is no contention that any money recovered from the father would go to the child. It would go to reimburse the mother for the support she has furnished the child over a long period of time. Actu-

ally, there is no real distinction between the case at bar and *Brun* v. *Rembert,* 227 Ark. 241, 297 S. W. 2d 940, although in that case it is pointed out that it deals only with the situation where a motion for judgment was filed more than five years after the child became of age. Here the motion for judgment was not filed until nine years after Wilson had made his last payment and two years after the child reached her majority.

In *Brun* v. *Rembert* we said: ''All agree that some statute of limitations must apply. The sole question is 'Which statute?' '' We see no valid reason why the same rule should not apply in the case at bar. Here it is true that the child has been of age only two years, while in the *Brun* case action to recover arrearages was commenced more than five years after the child became of age. But this is no real distinction. Undoubtedly the mother should not be required to go into court to recover an unpaid monthly installment just as soon as it becomes due. On the other hand, it would not be unduly burdensome for her to seek such recovery at the expiration of each five year period. The great weight of authority is that statutes of limitation apply in cases of this kind. In an annotation on the subject in 137 A. L. R. 890, it is said: ''In most jurisdictions, where a decree or order awards instalment payments of alimony to a wife, or support for children, the statute of limitations begins to run as against each instalment as it becomes due, and only from that time.'' Cases from ten states are cited in support of the text. It appears that a few states have held to the contrary, but they are greatly in the minority.

*Isaacs* v. *Deutsch* (Fla. 1955) 80 So. 2d 657, 52 A. L. R. 2d 1118, is directly in point. There the court said: ''And we think it is much more logical to hold that in a case such as this, as in the case of an obligation payable by instalments, 'the statute of limitations runs against each instalment from the time it becomes due; that is, from the time when an action might be brought to recover it.' 34 Am. Jur., Limitations of Actions, Sec. 142, p. 114. As has been noted, this is in accord with the great majority of cases from other jurisdictions in-

volving similar contracts. And, by analogy, it accords with the view taken by most of the courts throughout the country that where the father's 'continuing obligation' to support his child is transformed into a decree of court requiring instalment payments of support money, the statute of limitations begins to run as against each instalment as it becomes due, and only from that time.''

It follows from what has been said that the decree must be reversed, with directions to enter a judgment for the total of the amount of installments accruing within five years next before the filing of the petition for judgment, and for interest thereon. The trial court allowed appellee's attorneys a $1,250 fee, and they asked that they be allowed a fee for work done in connection with this appeal. An additional fee of $250 is allowed.

Reversed.