WILDER *v.* GARNER.

5-2757                                                    360 S. W. 2d 192

Opinion delivered September 24, 1962.

*Featherston & Featherston,* for appellant.

*Lindell Hile,* for appellee.

ED. F. McFADDIN, Associate Justice. On this appeal a decree of the Chancery Court is consolidated with a judgment of the Probate Court, since the question common to both cases is whether, under the facts here presented, limitations and/or laches released the father from paying anything for the support of his minor children.

In 1945 the Pike Chancery Court awarded Mrs. Irene Garner (now Irene Wilder, one of the appellants) a divorce from Carnell Garner, the appellee; and the decree also awarded the mother the care and custody of the two minor children, a boy named Jesse, then three years of age, and a girl named Nellie, then fifteen months of age. At the time of the divorce, Carnell Garner was incar-

cerated in the Federal Penitentiary at Leavenworth, Kansas, for conviction of a felony, and the divorce decree contained no provision requiring the father to support the minor children. After completing the penitentiary sentence, Carnell Garner returned to Pike County, and in 1953 was adjudicated insane and committed to the State Hospital, where he still remains. Mrs. Garner, now Mrs. Irene Wilder, has all the time, since the divorce decree of 1945, had the care and custody of the two children, who are still minors.

In 1961 some Garner ancestral lands were sold in a partition proceeding in Pike County, and the sum of $1,357.70 was the portion due to Carnell Garner. To partially repay herself for the support of the minor children, Mrs. Irene Wilder undertook to obtain this money: (a) by filing in the original divorce proceeding a petition asking the Chancery Court to award her money for support of the children; (b) by intervening in the partition proceeding and impounding the Carnell Garner money; and (c) by having the Pike Probate Court appoint a guardian for Carnell Garner and then filing in that proceeding petition for future support money for the two minor children. The Chancery and Probate cases were tried at the same time, and both Courts held that all the claims against Carnell Garner were barred by limitation and laches.[1]

We conclude that the Chancery Decree should be reversed. We have a number of cases which bear on some of the facets of the points here under consideration. A few of these cases are: *Holt* v. *Holt,* 42 Ark. 495; *Daily* v. *Daily,* 175 Ark. 161, 298 S. W. 1012; *McCall* v. *McCall,* 205 Ark. 1123, 172 S. W. 2d 677; *Worthington* v. *Worthington,* 207 Ark. 185, 179 S. W. 2d 648; *Dalrymple* v.

---

[1] The learned Chancellor wrote a memorandum opinion which is in the transcript; and we copy the germane portions of it:
"In the case of *Brun* v. *Rembert,* 227 Ark. 241, it was held that past due child support payments are not a judgment on a decree but a right to a judgment, but in the case at bar no judgment was prayed, only custody of children was awarded plaintiff. This divorce decree was in 1945 and under above ruling this case is barred by statute of limitations, Sec. 37-213 of the Ark. Stats.
"In *Payton* v. *Payton,* 230 Ark. 348, it was held the mother was not entitled to reimbursement where she took no action to collect judg-

*Dalrymple,* 221 Ark. 260, 252 S. W. 2d 823; *Payton* v. *Payton,* 230 Ark. 348, 322 S. W. 2d 588; and *Wilson* v. *Wilson,* 231 Ark. 416, 329 S. W. 2d 557. Ever since *Holt* v. *Holt, supra,* decided in 1883, the general rule in Arkansas has been that, if a divorce decree grants the custody of a minor child to the mother but makes no provision for the child's support, and the mother thereafter supports the child or supplies it with necessaries, the father, if financially able, should repay the mother for the reasonable value of the support or necessaries thus furnished.[2] In *Holt* v. *Holt, supra,* as here, the original divorce decree was silent as to support, and the mother, who had supported the children, was allowed to file in the original divorce proceeding a petition for amounts expended for child support, and also to obtain an order for future support payments.

In the case at bar, the appellee pleaded laches; but we find nothing to support such a plea. The mother proceeded when the father had financial ability to support the children. The case of *McCall* v. *McCall, supra,* points to such a course. The appellee also pleaded limitations; but as long as the children are minors the obligation is a continuing one on the father to support the children, and during such period of minority limitations could not bar all amounts. The present case is different from the case of *Brun* v. *Rembert,* 227 Ark. 241, 297 S. W. 2d 940, and also different from the case of *Payton* v. *Payton,*

ment for eleven years (in this case a judgment for child support was rendered). In the case at bar she not only did not have a judgment but she has made no attempt to collect child support for fifteen years. Under the ruling in this case she is barred by laches and limitations. Also, proof shows that Carnell Garner is an incompetent and is now an inmate of the Arkansas State Hospital for Nervous Diseases as an insane since 1953.

"In the recent case of *Wilson* v. *Wilson,* 231 Ark. 416, the Supreme Court held that a similar claim was barred by the statute of limitations and reaffirmed the case of *Payton* v. *Payton,* 230 Ark. 348.

"Under the testimony in this case and the rulings of the Supreme Court it is my opinion that the plaintiff is not entitled to recover for the reasons given and her complaint should be dismissed for want of equity . . ."

[2] There is an annotation in 69 A.L.R. 2d 203 entitled, "Father's liability for support of child furnished after entry of decree of absolute divorce not providing for support"; and cases from many jurisdictions are cited as agreeing with the Arkansas holding. To the same effect see C.J.S. Vol. 27B, p. 597 and p. 622; and see also Am. Jur. Vol. 17A, p. 47 and p. 55.

230 Ark. 348, 322 S. W. 2d 588, in each of which the effort to recover for support was made long after the child became of age. Here, both of the children are still minors.

The question that gives us most serious concern is the period of time for which the mother may recover for the reasonable and definite amounts she has expended for the support of the children. As heretofore stated, she filed this proceeding on March 10, 1961; and the question is whether she can recover for the three years preceding such filing, or for the five years preceding such filing. In cases where the parties had a written contract for support, and in cases wherein the original divorce decree contained language requiring support, we have held that the mother may recover the reasonable and necessary amounts expended by her for child support within the 5-year period. Such holdings were because the contract sued on was a written instrument (§ 37-209 Ark. Stats.), or because the decree was an "action not otherwise provided for." (See § 37-213 Ark. Stats.) But in the present case there was no provision in the original divorce decree for support, and the obligation on the father is one "express or implied not in writing" (§ 37-206 Ark. Stats.); and would, therefore, come within the 3-year statute. See *Davis, Admr.* v. *Herrington,* 53 Ark. 5, 13 S. W. 215.

There is one other possible limitation on the period of time for which Mrs. Wilder may recover from the impounded fund. A chancery court will order a father to contribute to the support of his children when he is financially able to do so. Before Mr. Garner became vested with an interest in the ancestral lands he was not able to contribute to the support of his children. But from the date he became vested with an interest in the ancestral lands, he became able to contribute to such support; and a court of equity would at that time have ordered him to make such contribution if such jurisdiction had been invoked. If such time of vesting be more recent than the three-year period prior to March 10, 1961, then the date of such vesting will be the beginning from which Mrs. Wilder may recover. If the date of such vesting be prior to the said three-year period, then the three-year period is the beginning date from which Mrs. Wilder

may recover. The date of such vesting is not shown in the present record, but may be shown on remand.

Mrs. Wilder is entitled to recover from the $1,357.70 impounded whatever reasonable and definite amounts she may establish that she has expended for the care and support of the minor children within the said time limitations herein mentioned. Furthermore, if any part of the said $1,357.70 should remain after payment of the above items, then the Court will make a proper order for the reasonable support payments during the minority of each child, and such payments will have priority over any other claims because these funds have been impounded.

The Chancery Decree and Probate Judgment here appealed are both reversed, and each case is remanded to the appropriate Court for further proceedings not inconsistent with this opinion; and all costs of all Courts are to be paid from the impounded funds.