ALTMAN v. ALTMAN

5-3788                                   399 S. W. 2d 501

Opinion delivered February 28, 1966

*Bryan & Fitzhugh,* for appellant.

*A. G. Windham* and *Shaw, Jones & Shaw,* for appellee.

ED. F. McFADDIN, Justice. Appellant, Mrs. Altman, filed this present suit seeking some alleged rights under a 1961 contract signed by Mr. Altman, appellee. He demurred; the Trial Court sustained the demurrer and dismissed Mrs. Altman's complaint; and she prosecutes this appeal. The sole question is whether the complaint stated a cause of action.

The dates of the marriage and the separation of the parties are not alleged, but the Altmans must have married some time prior to 1943 because in 1961 the oldest child was 18; the next child, 15; and the youngest child, 11 years of age. Mr. and Mrs. Altman were domiciled in Oklahoma in 1961 and on January 31, 1961 they entered into a "Separation Agreement and Contract for Property Settlement" (hereinafter called "1961 agreement")[1]. It was a 12-page typewritten instrument and

[1] At the time of its signing it was intended that the instrument would be followed by a divorce; but on February 12, 1961 (less than two weeks after the instrument), the parties resumed marital relations; and on February 12, 1961 Mr. and Mrs. Altman signed a "Supplemental Agreement," the germane portion of which reads:

"1. That notwithstanding the resumption of marital relations between the parties as Husband and Wife, that in the event of a

appears to have been most carefully prepared. It provided, *inter alia*, for: (a) a division of the personal property; (b) the transfer of certain described real estate to the wife and other described real estate to the husband; (c) a provision for support of the wife and children (which is Paragraph 8 of the instrument and will be subsequently mentioned); (d) procedure in event of intention to sell any of such real estate; and (e) duration for the payments of support.

The parties were divorced by decree of the District Court of Leflore County, Oklahoma, on October 5, 1961, and in that decree the said 1961 agreement was approved and confirmed. Section 8 of the 1961 agreement is essential to an understanding of this litigation; and said section reads in full:

> "8. SUPPORT: It is one purpose of this Agreement to provide a measure of support for the wife and three children of the parties, namely, Michael Scott Altman, Gail McCann Altman, and Sally Jean Altman. In this connection the parties acknowledge that there is certain income by way of rents and payments on account of rental on lands for oil and gas leases covering the mineral rights which lands and mineral rights are to be conveyed to the wife as hereinabove set out. It is also acknowledged that there may be additional income hereafter from the lands on account of pasture rentals and on account of the sale of rock and gravel and other minerals from the Wife's lands. In fixing the support to be paid by Husband it is understood and agreed that

subsequent separation between the parties, that the separation agreement and contract for property settlement executed between the parties on the 31 day of January, 1961, shall upon subsequent separation, be and remain in full force and effect and shall constitute the rights and liabilities between the parties, each party agreeing that the rights and liabilities shall be limited and defined by the terms of said separation agreement and contract for property settlement the same as if the marital relationship had not been resumed.

"IN TESTIMONY WHEREOF the parties hereto have hereunto set their hands and seals on this 12th day of February, 1961."

the income from these sources shall be taken into consideration and that the Husband shall be required only to supplement this income so that during the pendency of the period of support as herein fixed the Wife shall receive for herself and for support of the three children of the parties a total amount, including the revenues above set out and supplemental contributions from the Husband, the income as follows:

"(a)  The sum of $5,000.00 to be paid annually to Wife, Provided, that when Michael Scott Altman enters college or attains eighteen (18) years of age, there shall be deducted from any contribution required to be made by Husband the sum of $600.00 per year. Provided, further that when Gail McCann Altman enters college or attains the age of eighteen (18) years, or marries, whichever event shall be the sooner, then the annual payment shall decrease by an additional $600.00 per annum.

"(b)  Payment of doctor, hospital and medical expenses for the wife; and the three children, including premiums for hospital and medical insurance.

"(c)  All local, state and federal taxes on all of the real estate of both of the parties hereto, both Husband and Wife.

"(d)  Insurance premiums for insurance covering buildings and improvements on all buildings and improvements including the home in reasonable amounts.

"(e)  Reasonable maintenance and repairs expenses to all improvements including the home.
"It is made plain that Husband shall be responsible, during the term provided herein, for support to supplement the rents and other income from the property conveyed to Wife so that each year during the term of said support the Wife shall receive the

above amounts. It is understood that upon the execution hereof that the Wife will necessarily require advancements of support, so that the parties agree that immediately upon execution hereof the Husband shall commence monthly payments to the Wife on the basis of $5,000.00 per annum and shall make such other payments by way of advancements as to fulfill the other requirements for support as hereinabove set out. As the income shall be received from the lands and minerals interests belonging to the Wife, they shall be credited against the first payments thereafter due on the support above provided for; that is to say, that the Husband shall not be required to make any additional advances until the total income from the Wife's property has been expended in maintaining said support payments. Thereafter the Husband shall assume the payments again and continue them until such other time as he shall be temporarily relieved thereof on account of the collection of rental and other income from the Wife's property.''

Mrs. Altman filed the present suit in the Sebastian Chancery Court on May 21, 1965, in which she alleged that some of the contractual provisions of the 1961 agreement had been violated by Mr. Altman and that she was entitled to judgment against him for an amount in excess of $10,000.00. As aforesaid, Mr. Altman filed a demurrer to the complaint, insisting that Mrs. Altman's complaint did not state a cause of action. The Trial Court sustained the demurrer; Mrs. Altman refused to plead further; the complaint was dismissed; and the case is here on her appeal.

In her complaint Mrs. Altman alleged that Mr. Altman received certain oil payments and rentals from her lands in May, July, and December of 1961, and in January of 1962, and that he had failed to account to her for the said payments. In his demurrer Mr. Altman urged—and the Lower Court held—that these payments were all barred by the 3-year statute of limitations (Ark.

Stat. Ann. § 37-206 [Repl. 1962]), since Mrs. Altman owned the land and Mr. Altman, in collecting the payments, in effect committed a conversion. In holding the 3-year statute of limitations to be applicable, the Chancery Court relied on the case of *Scroggin* v. *Howell*, 216 Ark. 569, 226 S. W. 2d 562, as well as the cases therein cited. We hold that the Trial Court was in error in applying the 3-year statute of limitations. Section 8 of the 1961 agreement, as previously copied, contemplated that Mr. Altman would supplement the rents "and other income from the property," so when he collected the alleged rents and payments he did so under Section 8 of the contract. In short, when Mr. Altman made the collections he was bound to account, under the 1961 agreement; so certainly Mrs. Altman's cause of action was based on the 1961 contract. We have held that a suit on a written support contract, made in contemplation of divorce, is a suit on a written instrument and is governed by the 5-year statute of limitations (Ark. Stat. Ann. § 37-209 [Repl. 1962]). See *Wilson* v. *Wilson*, 231 Ark. 416, 329 S. W. 2d 557; and see also *Brun* v. *Rembert*, 227 Ark. 241, 297 S. W. 2d 940.

We limit our holding herein to the one point that the 5-year statute of limitations applies; but for fear that some of the litigants might think that we are holding that a cause of action is stated on other matters in the complaint, we point out:

(A) In her complaint Mrs. Altman alleged that Mr. Altman had filed to make all of the payments provided in Paragraphs (b), (c), (d), and (e) of Section 8 of the contract, which paragraphs refer to doctors and hospital bills, taxes, insurance premiums, and maintenance and repairs to the home; and she sought recovery for these items. She attached as an exhibit to her complaint her income tax returns for the years 1961 to 1964, inclusive; and these showed her income from several sources other than the property covered by the 1961 agreement. Because these returns showed income from all sources each year in excess of $5,000.00, the Trial

Court held that Mrs. Altman's complaint failed to state a cause of action. The question is whether the $5,000.00 figure in Paragraph (a) of Section 8 of the contract is a limitation on the requirements of Paragraphs (b) to (e), inclusive of Section 8 of the contract. We express no opinion on this question.

(B)    Furthermore, the record before us does not show when the Altmans finally separated before the divorce decree of October 5, 1961. If payments that Mr. Altman is alleged to have received were so received during the time the parties were living together, then the 1961 instrument would not apply to such payments. This is true, because the supplemental instrument, previously copied in footnote (1), specifically states that the 1961 agreement will come into effect only after the separation. As to payments received while the parties were living together and before the divorce decree was granted, Oklahoma Statutes, Title 12, § 1279 might apply.[2]

(C)    What we have just said may also apply to the joint bank account mentioned in Mrs. Altman's complaint. We cannot tell when the parties separated.

In the present opinion we are only holding that Mrs. Altman's cause of action was based on a written instrument, and is governed by the 5-year statute. We express no opinion on any of the other questions.

For the error of the Court in sustaining the demurrer, the decree is reversed and the cause remanded.

---

[2]That section reads: "A divorce granted at the instance of one party shall operate as a dissolution of the marriage contract as to both, and shall be a bar to any claim of either party in or to the property of the other. . . . "