Patrick M. WRIGHT and Elizabeth Wright *v.* Bimlendra SHARMA, M.D., and B.V. Pai, M.D.

97-24                                        956 S.W.2d 191

Supreme Court of Arkansas
Opinion delivered December 4, 1997

Andrew L. Clark, for appellant.

Friday, Eldredge & Clark, by: J. Phillip Malcom and Fran C. Hickman, for appellees.

RAY THORNTON, Justice. This is an appeal from a trial court's order dismissing a medical malpractice case as untimely filed. Appellant Patrick Wright and his wife, Elizabeth, brought an action against two cardiologists, Dr. Bimlendra Sharma and Dr. B.V. Pai, alleging that they were negligent in causing Mr. Wright to undergo an unnecessary pericardiectomy. The Wrights argued to the trial court that the doctors undertook a continuous course of treatment of Mr. Wright for pericarditis, and that this tolled the statute of limitations. We hold that the trial court was correct in determining that the continuous-treatment doctrine did not toll

the applicable two-year statute of limitations, Ark. Code Ann. § 16-114-203 (Supp. 1995).

■ When the running of the statute of limitations is raised as a defense, the defendant has the burden of affirmatively pleading the defense. *First Pyramid Life Ins. Co. v. Stoltz*, 311 Ark. 313, 843 S.W.2d 842 (1992). However, once it is clear from the face of the complaint that the action is barred by the applicable limitations period, the burden shifts to the plaintiff to prove by a preponderance of the evidence that the statute of limitations was in fact tolled. *Id.* Here, it is clear that the act complained of did not take place within the limitations period because the allegedly unnecessary surgery took place on July 13, 1993, and the action was commenced on February 9, 1996, which was more than two years later. Ark. Code Ann. § 16-114-203.

■ We note that, although the Wrights initially filed a complaint on June 8, 1995, the cause of action was never commenced because the doctors were not served until more than 120 days after the first complaint was filed. Under Ark. R. Civ. P. 4(i), if a plaintiff files a lawsuit and does not serve the defendant within 120 days, the action is never commenced. *Thomson v. Zufari*, 325 Ark. 208, 924 S.W.2d 796 (1996). Therefore, the trial court was correct in calculating the limitations period from February 9, 1996, the date this action was filed.

■ Because it was clear from the face of the complaint that the alleged negligent act took place outside the limitations period, it became the Wrights' burden in the lower court to show that the limitations period was tolled. *Stoltz, supra.* We hold that the trial court was correct in its determination that the Wrights failed to prove that the period was tolled by a continuous course of treatment.

At the hearing on the motion, the trial court considered affidavits, discovery documents, pleadings, and exhibits that revealed the following facts. On January 5, 1993, Mr. Wright was admitted to St. Joseph's Regional Medical Center with chest pain. Dr. Sharma diagnosed and treated him for pericarditis, of which he had a history. On June 22, 1993, Mr. Wright was again admitted to the hospital with chest pain. On that date he was treated by Dr.

Pai, who was covering for Dr. Sharma. Dr. Pai's discharge summary states that the chest pain on that date was "secondary to gastrointestinal etiology."

On July 13, 1993, Mr. Wright was again admitted to the hospital with chest pain. This time, he was seen by Dr. Matthew Hulsey, a family-practice physician. An emergency CAT scan was performed, which, according to Dr. Hulsey's notes, revealed acute aortic dissection. An emergency thoracotomy was ordered, upon which it was discovered that Mr. Wright had a constrictive pericarditis with a heavy sludge within the entire pericardium. The record indicates that a Dr. Howe performed a partial pericardiectomy, removing the outside lining of the pericardial sac. There is no indication in the record that either Dr. Sharma or Dr. Pai ordered, performed, or participated in this surgery.

On August 30, 1993, Mr. Wright saw Dr. Sharma in his office for a post-hospital visit. The nurses' notes state that he denied having any chest pain or shortness of breath. Nurses' notes taken on March 1, 1994, show that he requested a letter from Dr. Sharma stating that he could perform a job as a truck driver. The notes indicate that on March 4, 1994, he was told that he needed to be seen before the doctor could give him the letter. He was seen in Dr. Sharma's office on April 12, 1994, at which time he stated that he had no chest discomfort.

We agree with the trial court that the continuous-treatment doctrine does not apply to these facts. We have said that "the continuous treatment doctrine becomes relevant when the medical negligence consists of a series of negligent acts, or a continuing course of improper treatments." *Lane v. Lane*, 295 Ark. 671, 675, 752 S.W.2d 25, 27 (1988). The cause of action accrues at the end of a continuous course of medical treatment. *Id.* The doctrine is based upon the principle that it is unfair to bar a plaintiff who has been subjected to a series of treatments that were negligently administered, simply because the plaintiff is unable to identify the one treatment that produced his injury. *Id.* We have also said that "'[i]t would be absurd to require a wronged patient to interrupt corrective efforts by serving a summons on the physi-

cian.'" *Id.*' (quoting 1 D. LOUISELL AND H. WILLIAMS, MEDICAL MALPRACTICE § 13.08 (1982)).

Here, there is no allegation of a series of negligent acts; in fact, the Wrights' complaint clearly states that the doctors successfully treated Mr. Wright for his pericarditis with anti inflammatories. Only one negligent act is alleged, and that is the allegedly unnecessary surgery, which had continuing effects.

█ It appears that the complaint is based upon an assertion of a continuing tort. While it is undisputed that neither Dr. Sharma nor Dr. Pai ordered or performed the surgery, the Wrights urge that they were negligent in not preventing the surgery from taking place. Even if their inaction could be regarded as a basis for a claim of negligence, it was consummated upon the performance of the surgery, and did not give rise to circumstances that would make appropriate the application of the continuoustreatment doctrine. *See Tullock v. Eck*, 311 Ark. 564, 845 S.W.2d 517 (1993); *Treat v. Kreutzer*, 290 Ark. 532, 720 S.W.2d 716 (1986); *Owen v. Wilson*, 260 Ark. 21, 537 S.W.2d 543 (1976); *Williams v. Edmondson*, 257 Ark. 837, 250 S.W.2d 260 (1975); *see also* Note, *Torts — Limitations on Actions — Arkansas Adopts Continuous Treatment Rule to Toll Statute of Limitations in Medical Malpractice Actions*, 11 U.A.L.R. L. J. 405 (1989).

In summary, we recognize that in some circumstances a medical injury may result from one or more wrongful acts that are connected with a continuation of treatment or culmination of the injury, and that under such circumstances the statute of limitations is tolled under the continuous-treatment doctrine. However, those circumstances are not reflected in the record of this case. We agree with the finding of the trial court that the two-year statute of limitations was not tolled and that the action was time-barred.

Affirmed.