ACXIOM CORPORATION *v.* Timothy LEATHERS, Commissioner of Revenues, Department of Finance and Administration, State of Arkansas

97–408                                    961 S.W.2d 735

Supreme Court of Arkansas
Opinion delivered January 29, 1998

[Petition for rehearing denied March 5, 1998.]

*Roy D. Smith* and *Shayne D. Smith*, for appellant.

*Martha G. Hunt*, Revenue Legal Counsel, for appellee.

DAVID NEWBERN, Justice. This is a tax-refund case. Appellant Acxiom Corporation filed a request with the appellee Department of Finance and Administration ("Depar tment") in September 1995 for a refund in the amount of $593,864.36, for certain sales and use taxes it had paid during the third quarter of 1988 through the fourth quarter of 1990. The Department refunded $1,192.98, for the taxes paid by Acxiom in the fourth quarter of 1990. The Department denied the remainder of Acxiom's refund claim on the ground that the claim was barred by a statute of limitations. The Chancellor affirmed the Department's decision and ruled that Acxiom's refund claim was barred by Ark. Code Ann. § 26-18-306(i)(1) (Repl. 1997). We reverse the Chancellor's ruling and hold that Acxiom's claim was not subject to any limitations provision and was thus timely filed.

Acxiom's tax-refund claim was based on the Arkansas Enterprise Zone Act of 1989. The 1989 Act expired on June 30, 1995, and was effectively superseded by the Arkansas Enterprise Zone Act of 1993, Ark. Code Ann. §§ 15-4-1701 to 15-4-1708 (Repl. 1994 and Supp. 1997). The 1989 Act entitled a "qualified business" to "a refund of sales and use taxes imposed by the state . . . on the purchases of the material used in the construction of a building or buildings, or any addition or improvement thereon, for housing any legitimate business enterprise, and machinery and equipment to be located in or in connection with such building." Ark. Code Ann. § 15-4-807(a) (Repl. 1994). The 1993 Act contains a similar provision. *See* Ark. Code Ann. § 15-4-1704(a) (Repl. 1994 and Supp. 1997).

It is not disputed that Acxiom was certified under the Enterprise Zone program in September 1988 and is thus a "qualified business" under the statute. It also is not disputed that the taxes for which Acxiom sought an Enterprise Zone refund had been

imposed on qualified purchases. The dispute below, and on appeal, concerns whether Acxiom timely filed its EZP 1000, the form on which a claim for an Enterprise Zone refund is made.

█ We agree with Acxiom that neither the General Assembly nor the Department has prescribed, by statute or regulation, a limitations period in which a claim for an Enterprise Zone refund must be filed. It is undisputed that the Enterprise Zone statutes and regulations themselves do not contain a limitations provision or impose any type of "due date." Unlike other statutes that provide for tax refunds, the Enterprise Zone Act is silent on the question of when the Enterprise Zone refund claim must be filed. *See, e.g.,* Ark. Code Ann. § 26-51-604(b) (Repl. 1997) (requiring claim for "senior citizen" property-tax refund to be filed "on or before August 15 of the year next following the year in which the homestead ad valorem property taxes used as a basis for the claim were paid").

Given the absence of any limitations provision in the Enterprise Zone statutes and regulations, the question becomes whether some other statute of limitations applies to Enterprise Zone refund claims.

Section 26-18-306(i)(1), the law applied by the Chancellor to bar Acxiom's claim, is a part of the general Arkansas Tax Procedure Act. It provides as follows:

> An amended return or verified claim for credit or refund of an overpayment of any state tax for which the taxpayer is required to file a return shall be filed by the taxpayer within three (3) years from the time the return was filed or two (2) years from the time the tax was paid, whichever of the periods expires the later.

█ There is no dispute that Acxiom filed its EZP 1000 form after the expiration of the limitations periods prescribed by § 26-18-306(i)(1). We hold, however, that § 26-18-306(i)(1), by its terms, does not supply the standard for determining whether an Enterprise Zone refund claim is timely filed. Only an "amended return" or a "verified claim for credit or refund of an overpayment of any state tax for which the taxpayer is required to file a return" is required to be filed within the periods contained in § 26-18-

306(i)(1). An EZP 1000 form is included in neither of those categories.

    ■  First, as counsel for both parties agreed during oral argument, the EZP 1000 is not an "amended return." Although the EZP 1000 form may qualify as a "return" under the Tax Procedure Act, Ark. Code Ann. § 26-18-104(11) (Repl. 1997), it is not an "amended return" because it does not literally "amend" a return previously filed by the refund claimant. Rather, the EZP 1000 is a separate and independent return by which a participant in the Enterprise Zone program asserts a claim to the refund authorized by §§ 15-4-807(a) and 15-4-1704(a). The EZP 1000 does not amend or otherwise modify any tax return previously filed by the Enterprise Zone participant.

Most of the taxes for which Acxiom sought an Enterprise Zone refund were sales taxes paid pursuant to Ark. Code Ann. §§ 26-52-501 to 26-52-520 (Repl. 1997), or vendor use taxes paid pursuant to Ark. Code Ann. §§ 26-53-101 to 26-53-139 (Repl. 1997). Under those statutes, the vendor, rather than a taxpayer such as Acxiom, files the return for sales and vendor use taxes. Thus, Acxiom could not have filed an "amended return" with respect to sales and vendor use taxes because it never filed a return on those taxes in the first instance. We recognize that Acxiom also sought an Enterprise Zone refund for consumer use taxes and that Acxiom was required to file, and did file, returns on those taxes. Thus, while it is possible for Acxiom to have filed a return "amending" a previously filed consumer use tax return, the fact remains that an EZP 1000 is not a return that could "amend" a consumer use tax return previously filed by the Enterprise Zone participant.

    ■  Second, the EZP 1000 cannot be viewed as a "verified claim for credit or refund of an overpayment of any state tax for which the taxpayer is required to file a return." The EZP 1000 form is a claim for a tax *refund*, not a tax *credit*. And, although the EZP 1000 asserts a claim for a refund, the requested refund is not for an "overpayment of any state tax for which the taxpayer is required to file a return." As mentioned previously, most of the refunds claimed on the EZP 1000 were for taxes for which Acxiom was not even required to file a return. No claim on the EZP

1000 requested a refund for an "overpayment" of any tax. The taxes for which Acxiom sought a refund were not taxes that it had "paid in excess of the amount required to be paid under the particular state tax law in question." Ark. Code Ann. § 26-18-104(8) (Repl. 1997).

We must conclude that the EZP 1000 is not the type of filing to which § 26-18-306(i)(1) applies. That statute, therefore, does not supply the standard for determining whether an EZP 1000 is timely filed. Neither the parties' briefs or oral arguments, nor our own research, has led us to any other potentially applicable limitations provision.

▮ Thus, given the principle that "[t]ime limitations during which a claim may be asserted exist only to the extent that they are created by statute," *Estate of Escher,* 94 Misc.2d 952, 407 N.Y.S.2d 106, 109 (N.Y. Surr. 1978), *aff'd sub nom., In Re Escher's Will,* 75 A.D.2d 531, 426 N.Y.S.2d 1008 (N.Y. A.D. 1 Dept. 1980), *aff'd sub nom., Matter of Gross,* 438 N.Y.S.2d 293, 420 N.E.2d 91 (N.Y. 1981); *see People ex rel. Schick v. Marvin,* 249 A.D. 293, 292 N.Y.S. 93, 98 (N.Y. A.D. 4 Dept. 1936), *aff'd,* 275 N.Y. 587, 11 N.E.2d 767 (N.Y. 1937); *New York State Labor Rel. Bd. v. Wyckoff Hts. Hosp.,* 59 Misc.2d 284, 298 N.Y.S.2d 576, 582 (N.Y. Sup. Ct. 1969)(stating "the court does not have the power to introduce and enforce" a limitations period "[i]n the absence of a statutory provision"); *Shewbrooks v. A.C. and S. Inc.,* 529 So.2d 557, 564 (Miss. 1988) ("Limitations on the time within which an action must be brought are created by statute only. They are legislative, not judicial acts."), we hold that, under the law as it now exists, an EZP 1000 may be filed at any time. *See Hauenstein v. Lynham,* 100 U.S. 483, 488 (1879) ("A party entitled can sue whenever he chooses to do so, and he is clothed with all the rights of any other litigant asserting a claim where there is no statute of limitation applicable to the case.").

▮ As no limitations provision was applicable in the case at hand, Acxiom's refund claim was timely filed and should not have been dismissed. We therefore reverse the Chancellor's order and remand the case for proceedings consistent with this opinion.

Reversed and remanded.