# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2061

_____

| | | |
|---|---|---|
| Medical Liability Mutual Insurance Company, | * * * | |
| Plaintiff - Appellee, | * * | |
| v. | * * | |
| Alan Curtis LLC; Alan Curtis; Evergreene Properties of North Carolina, LLC; Alan Curtis Enterprises, Inc., | * * * * * | Appeal from the United States District Court for the Eastern District of Arkansas. |
| Defendants - Appellants, | * * | |
| ------------------------ | * * | |
| Arkansas Advocates for Nursing Home Residents, | * * * | |
| Amicus Curiae. | * | |

_____

Submitted: January 14, 2008
Filed:  March 10, 2008

_____

Before LOKEN, Chief Judge, MURPHY, Circuit Judge, and JARVEY,[1] District Judge.

_____

_____

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa, sitting by designation.

MURPHY, Circuit Judge.

Medical Liability Mutual Insurance Company (Insurer) brought this action against Alan Curtis and Evergreene Properties of North Carolina, LLC (Evergreene) seeking a declaratory judgment regarding its duties to defend and indemnify them against claims in an Arkansas state court action brought by the estate of Annie Redden. All parties filed motions for summary judgment. The district court[2] concluded that Insurer had no duty to defend or indemnify Curtis, that it had a duty to defend Evergreene on all claims in the underlying lawsuit, and that its duty to indemnify Evergreene extended only to any judgment against it for breach of contract. Curtis and Evergreene appeal. We affirm.

I.

Annie Redden entered into a contract with Evergreene and moved into its Crestpark Inn of Marianna (Crestpark) nursing home facility in 1997. Evergreene holds the medical needs license for Crestpark and contracted with Alan Curtis Enterprises, Inc. (Curtis Enterprises) to provide onsite management and operational services at Crestpark and seven other Evergreene nursing home facilities in Arkansas. Redden moved out of Crestpark on January 9, 2003 and died in November 2003.

On March 3, 2005 Redden's estate initiated a state court action in Arkansas against Evergreene, Curtis Enterprises, and Alan Curtis, an employee of Curtis Enterprises, seeking compensatory and punitive damages for negligence, wrongful death, medical malpractice, and violations of the Arkansas Long Term Care Resident's Rights Act (RRA) (Ark. Code § 20-10-1201 *et seq.*) and other regulations. The estate's fourth amended complaint, filed on December 20, 2006, upon which this

---

[2]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

-2-

action is based named Evergreene and Alan Curtis, but not Curtis Enterprises as defendants and added a breach of contract claim against "Defendant."

Evergreene is the named insured under a primary policy and a supercover umbrella policy originally issued by Fireman's Fund Insurance Company, but later acquired by Insurer which succeeded to all of the obligations under the policies. The primary policy covers claims on an "occurrence" basis, that is claims are covered only if they arise "from incidents that occur while the policy is in force." The policy was in force from January 15, 2000 to January 15, 2001 and therefore does not cover any claim arising from incidents which occurred outside that period. The underlying lawsuit was initiated on March 3, 2005, after which Evergreene notified Insurer and demanded that it provide coverage under the primary policy both for its defense and indemnity.

Insurer brought this action for a declaratory judgment regarding its rights and obligations under the policies. Both sides moved for summary judgment. Insurer argued that each of the estate claims has a two or three year limitations period. Claims with a two year statute of limitations would be timely only if they had arisen from incidents occurring on or after March 3, 2003, since the state court action was initiated on March 3, 2005. Timely claims with three year statutes of limitation must have arisen from incidents occurring on or after March 3, 2002. Since the policy does not cover claims which arise from incidents occurring after the policy period ended on January 15, 2001, Insurer asked the court to declare that it was not obligated to defend or indemnify on any of the estate claims. Appellants countered that some of the estate claims should be subject to a five year limitations period, which would trigger coverage under the policy because they could arise from incidents occurring as early as March 3, 2000, a date within the policy period. Appellants also argued that the continuous treatment doctrine tolled the statute of limitations on the estate's negligence claims because the estate alleged injuries resulting from a continuous course of treatment, part of which may have occurred during the policy period.

-3-

The district court concluded that the estate's breach of contract claim against "Defendant" had a five year limitations period under Arkansas Code § 16-56-111 and that it applied only to Evergreene because Redden never contracted with Curtis. Although Insurer was held to have a duty to defend and indemnify Evergreene against the contract claim because that claim may be based on an incident which occurred during the policy period, Insurer has no duties to Curtis with regard to that claim. The court also decided that the duty to defend Evergreene on the contract claim triggered a duty to defend against all of the estate's claims, but not necessarily to indemnify it. The estate's other claims were barred by applicable statutes of limitation or were based on incidents occurring outside the policy period, and Insurer thus had no duty to indemnify Evergreene or Curtis on any of them.

Since the original complaint was filed on March 3, 2005, and the covered period for occurrences ended on January 15, 2001, the court concluded the case was filed too late to obligate Insurer to cover the wrongful death and medical malpractice claims which have a two year limitations period. That was also true for negligence, statutory and regulatory violations, and claims under the RRA which the court concluded have a three year limitations period. In addition, the continuous treatment doctrine was held not to toll any of the statutes of limitation. Evergreene and Curtis appeal.

On appeal Evergreene and Curtis argue that once the district court determined that Insurer had a duty to defend Evergreene on the contract claim, triggering a duty to defend on all of the estate claims, it should not have reached any questions regarding the duty to indemnify on the negligence, wrongful death, and RRA claims or the duties to defend or indemnify Curtis. They contend that resolution of those coverage questions turns on factual issues to be presented in the underlying lawsuit; to answer the questions in this action raises the risk of inconsistent judgments. Insurer counters that the district court acted within its discretion by resolving all questions about the scope of its duties to defend and indemnify appellants and points out that it

-4-

is not a party to the underlying lawsuit where different interests and issues are involved.

The RRA does not include a limitations provision, and Evergreene, Curtis, and Amicus Arkansas Advocates for Nursing Home Residents (Advocates) argue that the district court erred by concluding that claims under it are subject to a three year limitations period under Arkansas Code § 16-56-105. Evergreene and Curtis argue for a five year limitations period, either under § 16-56-111 on the theory that the claim sounds in contract or under § 16-56-115 because the claim does not fall under any other Arkansas statute of limitations. Advocates urge us to certify the RRA limitations period question to the Arkansas Supreme Court and argue alternatively that claims under the RRA should have no limitations period or five years. Insurer argues that a party may not request certification after an adverse judgment, that Advocates do not have standing to request certification of an issue to the Arkansas Supreme Court, and that the district court did not err in concluding that the RRA claim has a three year statute of limitations because it either sounds in tort or is a statutory source of liability, both of which have a three year limitations period under Arkansas law.

Evergreene and Curtis argue that the district court also erred by concluding that the continuous treatment doctrine did not toll the statute of limitations on the negligence and RRA claims and by deciding the issue because it involves a factual dispute which should be resolved in the underlying lawsuit. Insurer counters that the district court was correct in concluding that the complaint did not allege facts which could have implicated the continuous treatment doctrine and that regardless, the doctrine would not apply as a matter of law to a relationship between a nursing home and its client.

Curtis argues that the district court erred by concluding that Insurer does not have a duty to defend him coextensive with its duty to defend Evergreene. Curtis says that because Curtis Enterprises acted as Evergreene's agent in the management and

operation of Crestpark, the policy obligates Insurer to defend him to the same extent it must defend Evergreene. Insurer counters that Curtis was not a party to the contract between Redden and Evergreene on which the breach of contract claim and the duty to defend are based.

## II.

We review for an abuse of discretion a district court's decision to exercise jurisdiction over a declaratory judgment action in which there are parallel state court proceedings, giving great deference to its analysis and conclusions. See Wilton v. Seven Falls Co., 515 U.S. 277, 283, 286, 288 (1995); Scottsdale Ins. Co. v. Detco Indus., Inc., 426 F.3d 994, 997 (8th Cir. 2005). An insurer who is not a party to the parallel proceeding "is entitled to have the extent of the coverage of its policy declared," Scottsdale Insurance Co. v. Flowers, 513 F.3d 546, 559 (6th Cir. 2008), quoting American States Insurance Co. v. D'Atri, 375 F.2d 761, 763 (6th Cir. 1967), and a district court is not prohibited from answering all questions presented to it on declaratory judgment, see Royal Indemnity Co. v. Apex Oil Co., 511 F.3d 788, 793 (8th Cir. 2008). Insurer is not a party to the underlying lawsuit, which involves different interests and issues than those presented here, and the district court did not abuse its discretion by resolving all of Insurer's questions regarding the scope of its duties to defend and indemnify Evergreene and Curtis in the underlying lawsuit.

We review a district court's grant of summary judgment de novo, "viewing the record in the light most favorable to the nonmoving party; summary judgment is proper if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." R.D. Offutt Co. v. Lexington Ins. Co., 494 F.3d 668, 672 (8th Cir. 2007). We review the district court's determinations of law de novo. Highland Indus. Park, Inc. v. BEI Def. Sys. Co., 357 F.3d 794, 796 (8th Cir. 2004).

## A.

In the fourth amended complaint in the underlying lawsuit the estate seeks compensatory and punitive damages based on its claim that Evergreene and Curtis negligently, willfully, and recklessly violated the RRA resulting in Redden's injuries and eventual death. The RRA, Arkansas Code § 20-10-1201 *et seq.*, seeks to protect residents of long term care facilities by requiring licensed facilities to meet certain requirements, § 20-10-1203, and by granting rights to residents. Residents now have the right to receive information about the facility, control their own finances, choose their physicians, access information about their medical condition and treatment, and receive adequate and appropriate healthcare. § 20-10-1204. Residents are also provided a civil remedy for violation of any enumerated right or for a failure of "an employee of the long-term care facility. . .to do something which a reasonably careful person would do or did something which a reasonable person would not do. . . ," § 20-10-1209.

Arkansas courts have not explicitly addressed which limitations period should apply to claims brought under the RRA. Amicus Advocates urge us to certify this question to the Arkansas Supreme Court. Insurer attacks both Advocates' standing to raise the issue as an amicus and the propriety of requesting certification after an adverse judgment. Certification of the RRA limitations question at this stage, after the district court has issued its judgment and after we have had full briefing and oral argument, would cause undue delay. The task of a "federal court[] sitting in diversity [is to] attempt to predict how the [forum] state's highest court would resolve [a] question" which it has not squarely decided. Highland, 357 F.3d at 798. By ruling on the limitations issue, the district court helped move this litigation forward. We review its determination of state law de novo. Salve Regina Coll. v. Russell, 499 U.S. 225, 231 (1991); Whirlpool Corp. v. Ritter, 929 F.2d 1318, 1321 n.4 (8th Cir. 1991).

Chapter 56 of Arkansas Code Title 16 contains the limitation periods for actions brought in Arkansas. § 16-56-101 *et seq.* These statutes of limitation do not apply if a statute already includes a limitations period, § 16-56-103, but they do apply to all other common law and statutory actions. The statutes of limitation include § 16-56-104 (one year for actions including assault, battery, and slander), § 16-56-105 (three years for actions including trespass, libel, and "[a]ll actions founded on any contract or liability, expressed or implied"), § 16-56-106 (two years for medical malpractice), § 16-56-111 (five years for actions to enforce written agreements), and § 16-56-115 (catchall period of five years for actions not described by other sections in Chapter 56). The district court concluded that RRA claims have a three year limitations period under § 16-56-105, either because they sound in tort or because they are express liabilities by reason of the legislature's expression of liability.

Based on our review of Arkansas law we conclude that the Arkansas Supreme Court, if presented with the issue of which limitations period applies to an RRA claim, would decide that such a claim is subject to a three year limitations period under § 16-56-105. This conclusion does not of course foreclose the Arkansas Supreme Court from issuing an authoritative decision on this question of state law in a future case.

As early as 1890 the Arkansas Supreme Court ruled that a statutorily created liability had a three year limitations period unless that liability was part of a written agreement which would then have a five year limitations period under what is today § 16-56-111. Davis' Estate v. Herrington, 13 S.W. 215, 215-16 (Ark. 1890) (liability to pay child support created by bastardy statute has three year limitations period under what is now Arkansas Code § 16-56-105). The supreme court has continued to recognize that the statutory liability to pay child support in a divorce or bastardy proceeding has a three year limitations period. Winston v. Robinson, 606 S.W.2d 757, 759-60 (Ark. 1980); Wilder v. Garner, 360 S.W.2d 192, 194 (Ark. 1962); but see Green v. Bell, 826 S.W.2d 226, 228-29 (Ark. 1992) (questioning whether limitations period for child support has been statutorily changed to ten years by 1987 amendment

to § 9-10-109). This precedent was then applied by the same court in a different type of case in <u>Nebraska National Bank v. Walsh</u>, 59 S.W. 952 (Ark. 1900).

<u>Nebraska National Bank</u> involved a statute which made corporate presidents and secretaries liable for corporate debts incurred during any period in which the officers failed to file certain financial information with the county clerk. The supreme court decided that a three year limitations period applies, for "[h]aving reached the conclusion that this is a statutory liability . . . , the statute of limitations would be [the three year limitation] applicable to 'all actions founded upon any contract or liability, expressed or implied, not in writing.'" <u>Id.</u>, <u>citing</u> Sand. & H. Dig. § 4822; Rev. St. 1837, c. 91, § 6 (now Ark. Code § 16-56-105). Numerous Arkansas decisions have relied on <u>Nebraska National Bank</u> in holding that claims under that and similar corporate officer liability statutes have a three year limitations period. <u>See</u> <u>Love v. Couch</u>, 28 S.W.2d 1067, 1071 (Ark. 1930) ("period of limitation applicable for the enforcement of statutory liabilities is three years"); <u>McDonald v. Mueller</u>, 183 S.W. 751, 752 (Ark. 1916) (former § 859 creates statutory liability which has three year limitations period under what is now § 16-56-105); <u>Zimmerman v. W. & S. Fire Ins. Co.</u>, 181 S.W. 283 (Ark. 1915) (claim under former § 863 has three year statute of limitations based on <u>Nebraska National Bank</u>).

Although the Arkansas Supreme Court has not squarely decided which limitations period applies to an RRA claim, it has explicitly referred to an "[RRA] claim [as] a statutory claim," <u>Koch v. Northport Health Servs. of Ark., LLC</u>, 205 S.W.3d 754, 762 (Ark. 2005). We have found no Arkansas case questioning the general proposition that where a statute creates a liability but does not include a limitations provision and no other statute of limitations applies,[3] a claim to enforce the statutory liability is an action "founded on . . . liability, expressed or implied" under

---

[3]For example, a statutorily created liability which is recognized in a written agreement would likely have a five year limitations period under § 16-56-111.

§ 16-56-105 and is subject to a three year limitations period. Other recent cases support the district court's application of § 16-56-105 to the estate's RRA claim. See Highland, 357 F.3d at 798 (§ 16-56-105 applies to private suits brought under Arkansas Hazardous Waste Management Act); Chalmers v. Toyota Motor Sales, USA, Inc., 935 S.W.2d 258, 261 (Ark. 1996) (§ 16-56-105 applies to statutory liability under Arkansas franchise law), citing Winston, 606 S.W.2d at 759-60. We conclude that the Arkansas Supreme Court would likely hold that an RRA claim is an action based on a statutory liability which has a three year limitations period under § 16-56-105.

We also agree with the district court that it is possible that Arkansas courts might determine that an RRA claim sounds in tort and is therefore subject to a three year limitations period under Arkansas Code § 16-56-105. As Insurer argued in the district court, the RRA essentially codifies the common law negligence standard. The estate's complaint alleged that Redden's injuries were the "result of employees and/or agents of Defendants, failing to do that, which a reasonably careful person would do under [similar circumstances] . . . ." In Arkansas "[i]t is well settled that the gist of the action *as alleged [in the complaint]* determines which statute of limitations applies." Shelter Ins. Co. v. Arnold, 940 S.W.2d 505, 506 (Ark. App. 1997) (emphasis added); see Ernest F. Loewer, Jr. Farms, Inc. v. Nat'l Bank of Ark., 870 S.W.2d 726, 728 (Ark. 1994); O'Bryant v. Horn, 764 S.W.2d 445, 445 (Ark. 1989).

Advocates argue that the RRA is more in the nature of a "privately enforceable" civil rights law "than a codification of ordinary duties of care," however, because it gives residents a remedy for deprivation of a wide range of enumerated rights including freedom of choice in selecting a physician and the right to participate in social and religious activities. If the Arkansas Supreme Court were to characterize RRA claims as civil rights actions, it would no doubt look at the limitation periods applied to such cases in Arkansas. A review of those cases suggests that a civil rights action would likely be treated as a tort for limitations purposes.

-10-

The Arkansas Civil Rights Act, § 16-123-101 *et seq.*, includes a one year limitation period for employment discrimination claims, but none for other enumerated rights under the act. Section 16-123-105(c) "specifically provides that [Arkansas] state courts may look to state and federal decisions which interpret the federal civil rights laws as persuasive authority" in guiding their interpretation of the act. Faulkner v. Ark. Children's Hosp., 69 S.W.3d 393, 401 (Ark. 2002). The Supreme Court has ruled that in diversity cases brought in federal court under 42 U.S.C. § 1983, the forum state's statute of limitations for tort actions should be applied. Wilson v. Garcia, 471 U.S. 270, 276 (1985); see Ketchum v. City of W. Memphis, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (applying Arkansas's three year personal injury statute of limitations to § 1983 action). We accordingly relied on Wilson in concluding that Arkansas civil rights claims other than for employment discrimination should be treated as torts for limitations purposes. See Birmingham v. Omaha Sch. Dist., 220 F.3d 850, 855 (8th Cir. 2000). RRA actions would thus likely be governed by the three year limitations period in § 16-56-105 if they are reviewed under Arkansas law as civil rights actions.

Evergreene, Curtis, and Advocates argue that the RRA claim should be subject either to a five year or to an indefinite limitations period, which could make at least some of the incidents occurring during the policy period actionable, triggering Insurer's duty to defend and indemnify Evergreene and possibly Curtis. Appellants argue that the five year statute of limitations in § 16-56-111 for written contracts should apply, because many of the rights under the RRA were included in the contract between Redden and Evergreene. The RRA claim in the estate's fourth amended complaint does not allege facts which could support a conclusion that the claim is rooted in contract, however. Arkansas is a fact pleading state and looks to the facts alleged in the complaint to determine the gist of the action. See McQuay v. Guntharp, 963 S.W.2d 583, 584-85 (Ark. 1998). The district court did not err in rejecting this argument. See Ernest F. Loewer, Jr. Farms, 870 S.W.2d at 727-28 (facts alleged in complaint indicated claim was for conversion despite party's characterization as

-11-

contract action); <u>O'Bryant</u>, 764 S.W.2d at 445-46 (attaching bill of sale to complaint did not convert action for fraud, misrepresentation, or negligence into a contract action).

Another argument Evergreene, Curtis, and Advocates advance for a five year statute of limitations on the RRA claim is that such a claim is not described explicitly by any limitations provision in Chapter 56 and so falls under the five year catchall in § 16-56-115. Alternatively, they argue where there is doubt as to which statute of limitations applies, the question should be resolved in favor of the longer limitation. <u>Ballheimer v. Serv. Fin. Corp.</u>, 728 S.W.2d 178, 179 (Ark. 1987). Because we conclude that the Arkansas Supreme Court would likely hold that the estate's RRA claim has a three year statute of limitations under § 16-56-105, we need not look to the catchall statute.

Advocates argue in the alternative that an RRA claim should not have a limitations period at all. In support of this argument they cite <u>Acxiom Corp. v. Leathers</u>, 961 S.W.2d 735 (Ark. 1998), where the court held that the Arkansas legislature did not include a limitations period in a tax refund statute because it did not want to limit taxpayers' ability to claim a refund. Arkansas courts have recognized, however, that where a statute contains no specific statute of limitations, claims arising under it may still be time barred, <u>e.g.</u>, <u>Winston</u>, 606 S.W.2d at 759-60, and that statutes of limitation "encourage the prompt filing of claims by allowing no more than a reasonable time within which to make a claim so a defendant is protected from having to defend an action in which the truth-finding process would be impaired by the passage of time." <u>McEntire v. Malloy</u>, 707 S.W.2d 773, 776 (Ark. 1986). In <u>Acxiom</u> there were no adverse parties and therefore no risk that one party would be prejudiced by having to defend itself against a stale claim as there is in this case. We find no support for the argument that the legislature would have intended to have no limitation period and to allow a party to file an RRA claim even decades after the alleged injuries.

We conclude that the district court did not err in its conclusions that a three year limitations period applied to the estate's RRA claim and that Insurer had no duty to indemnify Evergreene and Curtis in respect to it.

B.

Arkansas courts recognize the continuous treatment doctrine, "which tolls the two-year statute of limitations for medical-malpractice actions until the medical treatment is discontinued." Posey v. St. Bernard's Healthcare, Inc., 226 S.W.3d 757, 761 (Ark. 2006); Lane v. Lane, 752 S.W.2d 25, 27 (Ark. 1988) ("continuous treatment doctrine becomes relevant when the *medical negligence* consists of a series of negligent acts, or a continuing course of improper treatment" (emphasis added)). A thorough search of case law from Arkansas and other jurisdictions across the country has not produced a single case in which this doctrine has tolled the limitations period on a claim other than malpractice, and its application in Arkansas appears to be limited to *medical* malpractice claims. See Howard v. Ozark Guidance Ctr., 930 S.W.2d 341, 342 (Ark. 1996); FDIC v. Deloitte & Touche, 834 F.Supp. 1129, 1148 (E.D. Ark. 1992) (recognizing that only two states extend the doctrine to accounting malpractice and Arkansas is not one of them).

Arkansas imposes a two year limitations period on medical malpractice actions, which runs from the date of the alleged wrongful act, Arkansas Code § 16-114-203(b), or from the end of a continuous course of medical treatment under the continuous treatment doctrine, Wright v. Sharma, 956 S.W.2d 191, 193 (Ark. 1997). Even if we assumed that the continuous treatment doctrine applied based on the facts alleged by Redden's estate, it could not have tolled the statute of limitations on the medical malpractice claim beyond January 9, 2003, Annie Redden's last day in residence and the last day on which she received any care from defendants. The original complaint was filed more than two years later on March 3, 2005. Accordingly, the estate's medical malpractice claim is time barred regardless of whether the continuous

-13-

treatment doctrine would operate to toll the statute of limitations. The district court did not err in concluding that Insurer had no duty to indemnify Evergreene or to defend or indemnify Curtis on that claim.

C.

The pleadings against an insured determine an insurer's duty to defend, which is broader than the duty to indemnify because it arises where there is a possibility that the injury or damages may fall within the policy coverage. Ison v. S. Farm Bureau Cas. Co., 221 S.W.3d 373, 378 (Ark. App. 2006). The fourth amended complaint in the underlying lawsuit alleges breach of contract against "Defendant," stating that "[u]pon becoming a resident at Crestpark, Ms. Redden entered into an express or implied contract with Defendant, whereby for consideration duly paid by her . . . Defendant was to provide her a place of residence and to provide her nutrition, personal care, and nursing care." Redden's contract was with Evergreene, and Curtis makes no claim that Redden and Curtis Enterprises ever entered into a contract. The fourth amended complaint therefore makes a breach of contract claim only against defendant Evergreene. A provision in Section D of the Insurer policy states that "[e]ach [insured] is covered separately," so even if an Arkansas court found that Curtis were an "insured" under the policy Insurer's duty to defend Evergreene on the breach of contract claim would not create a derivative duty to defend Curtis on any of the claims against him.

Curtis appears to argue that Insurer's duty to defend him is coextensive with its duty to defend Evergreene because Curtis and Evergreene have an agency relationship and the policy states that Insurer will defend and indemnify against alleged injuries resulting from the actions of Evergreene's agents. The breach of contract claim which triggered Insurer's duty to defend Evergreene was only brought against Evergreene, however, not Curtis or Curtis Enterprises. Accordingly, the district court did not err in concluding that Insurer has no duty to defend Curtis in the underlying lawsuit.

-14-

### III.

For these reasons we conclude that the district court did not err by deciding that the only claim in the underlying lawsuit covered under Insurer's policy is the Redden estate's breach of contract claim against Evergreene, that Insurer has a duty to defend and indemnify Evergreene on that claim and therefore also a duty to defend it on all of the estate's claims against it, and that Insurer has no duty to defend or indemnify Curtis. Accordingly, we affirm the judgment of the district court.

JARVEY, District Judge, dissenting.

Under Arkansas law, the pleadings determine an insurer's duty to defend and that duty arises when there is a possibility that the injury or damage may fall within the policy coverage. Madden v. Continental Cas. Co., 922 S.W.2d 731, 734 (Ark. Ct. App. 1996) (emphasis added). "It is the allegations made against the insured, however groundless, false, or fraudulent such allegations may be, that determine the duty of the insurer to defend the litigation against its insured." Id. The uncertainty regarding the statute of limitations applicable to the claims in the underlying lawsuit causes me to conclude that coverage is still possible. For that reason, I respectfully dissent.

The underlying lawsuit alleges that Ms. Redden was harmed by Evergreene and Curtis' negligent acts and omissions to act, which occurred at least weekly, if not daily, throughout her stay at the Crestpark Retirement Inn from 1997 to 2003. The policy periods on both the primary and the excess liability policies in this case are January 15, 2000 to January 15, 2001. The policies at issue in this lawsuit provide:

> We will pay damages and defend you and others covered
> under this section only when:

- the providing or failure to provide professional services occures [sic] during the policy period shown on the Declarations;
- the providing or failure to provide professional services took place in the coverage territory.

We will defend any claim brought against you and others covered under this policy seeking damages that are covered under any section of this policy. We will do this even if the allegations of the claim are groundless, false or fraudulent.

The district court and this court make good arguments in favor of a three-year statute of limitations. I do not believe that this is enough to relieve the insurer of its duty to defend both Evergreene and Curtis in this matter. The arguments in favor of a five year statute of limitations pursuant to Arkansas Code § 16-56-111 or § 16-56-115 are not frivolous. To say that the Arkansas Supreme Court would likely find a three year statute of limitations, does not foreclose the possible application of a longer statute. As set forth above, the policy requires that the Insurer defend even "groundless, false, or fraudulent" claims, which is consistent with an insured's duty to defend under Arkansas law when there is any possibility that injury falls within the policy coverage.

I believe the district court erred in deciding that the Insurer had no duty to defend Curtis against the tort claims and, therefore, all claims in this matter. Whether or not there is a duty to indemnify Curtis and/or Evergreene depends on the facts established in the underlying trial, making summary judgment inappropriate. Madden, 922 S.W.2d at 734. Accordingly, I would reverse the judgment of the district court.

_____

-16-