# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3509

_____

| | | |
|---|---|---|
| Level 3 Communications, L.L.C., | * | |
| | * | |
| Plaintiff–Appellant, | * | |
| | * | |
| | * | |
| v. | * | |
| | * | |
| City of St. Louis, Missouri, | * | |
| | * | |
| Defendant–Appellee, | * | |
| | * | |
| _____ | * | Appeal from the United States |
| | * | District Court for the |
| City of St. Louis, Missouri, | * | Eastern District of Missouri. |
| | * | |
| Plaintiff–Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Level 3 Communications, L.L.C., | * | |
| | * | |
| Defendant–Appellant. | * | |

_____

Submitted: May 15, 2008
Filed: September 4, 2008

_____

Before LOKEN, Chief Judge, BEAM, and BYE, Circuit Judges.

_____

BEAM, Circuit Judge.

In this licensing dispute with the City of Saint Louis, Level 3 appeals, challenging, among other things, the district court's[1] denial of Level 3's motion to reopen discovery and the court's grant of summary judgment in the City's favor on the City's claim that neither the license agreement between the parties nor St. Louis City Revised Code Chapter 23.64 (the city ordinance) prohibits or effectively prohibits Level 3's ability to provide telecommunication services under 47 U.S.C. § 253(a). We affirm.

## I.    BACKGROUND

### A.    First Appeal

In 2004, Level 3 sued the City claiming that certain obligations in an agreement between the two parties violated state law; 42 U.S.C. § 1983; and the Federal Telecommunications Act of 1996, specifically 47 U.S.C. § 253.[2] Upon opposing

---

[1]The Honorable Charles A. Shaw, United States District Judge for Eastern District of Missouri.

[2]47 U.S.C. § 253 reads, in pertinent part:

§ 253.  Removal of barriers to entry
(a) In general
        No State or local statute or regulation, or other State or local legal requirement, may prohibit or have the effect of prohibiting the ability of any entity to provide any interstate or intrastate telecommunications service.
. . .
(c) State and local government authority
        Nothing in this section affects the authority of a State or local government to manage the public rights-of-way or to require fair and reasonable compensation from telecommunications providers, on a competitively neutral and nondiscriminatory basis, for use of public rights-of-way on a nondiscriminatory basis, if the compensation required

motions for summary judgment, and accepting a mere possibility of prohibition standard of proof under section 253(a), the district court granted summary judgment in favor of Level 3.  On appeal, this court determined that a plaintiff suing a municipality under the statute must show actual or effective prohibition under section 253(a), rather than the mere possibility of prohibition.  Level 3 Commc'ns L.L.C. v. City of St. Louis, Mo., 477 F.3d 528, 533 (8th Cir. 2007) (Level 3 I).  Based on the record developed by Level 3, we held that Level 3 failed to meet its burden under that standard.  Id. at 534.  In fact, Level 3 admitted in its response to interrogatories that it "[could not] state with specificity what additional services it might have provided had it been able to freely use the money that it was forced to pay to the City for access to the public rights-of-way."  Id. at 533.  Accordingly, we reversed the district court's grant of summary judgment in favor of Level 3 and remanded.  Id. at 534-35.

## B.    Remand

After the remand, Level 3 asked the district court to reopen discovery so that it could gather further evidence of "actual or effective prohibition"–the "new standard set by the Eighth Circuit's mandate."  The district court initially granted the request and the City filed an immediate motion for reconsideration and sought summary judgment in the City's favor on Level 3's section 253(a) claims.  The City claimed that Level 3 had already conducted its discovery on the issue and could not bolster its position, in hindsight, through benefit of our remand.  Level 3, on the other hand, claimed that our interpretation of section 253 was "new" and that it, and the district court, had operated under a "misunderstanding" of what the section 253 requirements were, thus supporting Level 3's request to supplement its discovery responses.

The district court agreed with the City, holding that "[t]he Eighth Circuit spoke for the first time on an issue that has divided other courts, but it did not create a new

is publicly disclosed by such government.

standard." Thus, said the district court, Level 3's suggestion that it was completely caught off guard by the standard adopted by the circuit panel was not supported by the record. In fact, the court noted, during the prior discovery, the City requested that Level 3 provide evidence, by way of an interrogatory response, that it "had actually been" or "effectively [had been] prohibited from" providing services. Level 3 chose not to address that question.

In the initial action, as earlier stated, the parties argued two different controlling standards under section 253(a). The district court originally adopted Level 3's position, and we reversed, concluding that the position advocated by the City was correct. Upon remand, the district court ultimately agreed with the City, vacated its order granting Level 3's motion to reopen, and granted the City's motion for entry of summary judgment, noting that

> [i]t necessarily follows that the City was and is entitled to a grant of summary judgment on its claim for a declaration that, on the existing record, [which the district court ruled would not be expanded], neither Chapter 23.64 [of the City code] nor the license agreement prohibits or effectively prohibits Level 3's ability to provide telecommunications services under § 253(a).

## II.    DISCUSSION

### A.    Discovery Motion

We review the district court's discovery ruling for "gross abuse of discretion" and the court's summary judgment ruling de novo. Samuels v. Kansas City Missouri Sch. Dist., 437 F.3d 797, 801 (8th Cir. 2006); Sallis v. Univ. of Minn., 408 F.3d 470, 477 (8th Cir. 2005). Review of district court discovery decisions is "very deferential" and "very narrow," making it a high hurdle for Level 3 to clear. SDI Operating P'ship, L.P. v. Neuwirth, 973 F.2d 652, 655 (8th Cir. 1992). This is especially true where, as

here, we agree with the district court's final legal position on the issue of summary judgment for the City.

Level 3 correctly points out that nothing in <u>Level 3 I</u> foreclosed the district court from reopening discovery. Indeed, our only instructions were "remand for further proceedings not inconsistent with this opinion." <u>Level 3 I</u>, 477 F.3d at 535. Even so, the district court did not grossly abuse its discretion by denying Level 3's request. In this regard, a major problem for Level 3 is that its legal obligations did not *change* as they did in many of the cases where remand occurred along with a mandate for further discovery to meet a new controlling standard that arose after the plaintiffs initiated their case. <u>See</u> <u>Playboy Enters., Inc. v. Netscape Commc'ns Corp.</u>, 354 F.3d 1020, 1033 (9th Cir. 2004) (recognizing the new, higher standard for trademark dilution claims adopted by the Supreme Court while the case was on appeal and remanding for further discovery directed at the new standard); <u>Blair v. Scott Specialty Gases</u>, 283 F.3d 595, 607-09 (3d Cir. 2002) (applying, in the arbitration context, new Supreme Court precedent rendered while the matter was on appeal and remanding the case for limited discovery on newly adopted evidentiary burdens). All along, as Level 3 readily concedes, there were competing standards from which the court could choose regarding Level 3's burden on its section 253(a) claim. The fact that Level 3 made a strategic decision to litigate its case as if it were required to meet only the lower "may have the effect of prohibiting" test is not sufficient to warrant further discovery.[3]

---

[3]Level 3 methodically challenges each reason advanced by the district court for its decision not to reopen discovery. Level 3's arguments are unpersuasive. The district court correctly stated that the Eighth Circuit did not create a new standard, prudently denied Level 3 a second bite at the apple when Level 3 already had had a chance to produce evidence satisfying the actual or effective prohibition standard (and was, in fact, directly asked to do so by the City in their interrogatories), and reasonably denied Level 3 the chance to introduce evidence on remand that arose after the close of initial discovery.

Likewise inapposite is the line of cases cited by Level 3 for the proposition that when a trial court is reversed on grounds that it applied an incorrect legal standard, the general practice is to remand to the trial court for application of the correct legal standard to the evidence. See Johnson v. California, 543 U.S. 499, 515 (2005); Adarand Constructors, Inc. v. Pena, 515 U.S. 200, 238-39 (1995). We do not question the accuracy of this proposition but fail to see its applicability here. Such a course was taken in this case. Upon remand, the district court applied the correct legal standard to the evidence in the existing record, which evidence was adequate to decide the existing issue. This was not a gross abuse of its discretion.

## B.      Grant of Summary Judgment in Favor of the City

We review de novo a district court's grant of summary judgment, viewing the record in the light most favorable to the nonmoving party. Med. Liab. Mut. Ins. Co. v. Alan Curtis LLC, 519 F.3d 466, 471 (8th Cir. 2008). "[S]ummary judgment is proper if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." Id.

Level 3 argues that the district court took a large leap in logic in deciding the case. We think not. The court simply held that "[i]t necessarily follow[ed]" from the reversal of summary judgment for Level 3 under the section 253(a) standard previously applied by the district court that the City was entitled to summary judgment "on its claim for a declaration that, on the existing record, neither [the city ordinance] nor the license agreement prohibits or effectively prohibits Level 3's ability to provide telecommunications services under § 253(a)."

Level 3 contends that the district court failed to discuss the factual bases of the City's summary judgment motion and further did not address how the City's summary judgment motion fared under the "new" section 253(a) standard. Both claims miss the mark. The district court did, in fact, reference the substance of the City's summary

judgment motion in the order. Further, it does "necessarily follow" that if Level 3 was unable to prove actual or effective prohibition under section 253(a), then the city ordinance and the parties' license agreement did not violate section 253(a). And this was the basis for the City's initial argument. Both determinations logically flow from our earlier remand reversing the district court's grant of summary judgment for Level 3.

Level 3 also fails in its argument that the district court's holding in this case creates some sort of general rule in a motion/cross-motion paradigm. The holding does not defy basic rules governing summary judgment proceedings. It is just uniquely true here that the denial of one summary judgment motion leads to the granting of the other because the parties' motions negate each other under the legal principles at work. We determined that Level 3, on the established record, failed to prove actual or effective prohibition–the crux of the determination for each motion before the district court. "After a thorough review of the entire record, we find insufficient evidence from Level 3 of any actual or effective prohibition, let alone one that materially inhibits its operations. Indeed, Level 3 claims it need not, and admits it has not, made such a showing." Level 3 I, 477 F.3d at 534. We have the same record before us today and Level 3 points to no material fact that could alter that legal determination.

## III.  CONCLUSION

For the reasons stated, we affirm.

_____